SOBEK, Respondent, vs. GEORGE H. SMITH STEEL CASTING
COMPANY, Appellant.

*October 9—October 27, 1914.*

*Master and servant: Injury: Unsafe working place: Unguarded em-*
*ery wheel: Evidence: Sufficiency: Instructions to jury: Harm-*
*less errors: Excessive damages.*

1. In an action by an employee for an injury caused by the break-
   ing of an unguarded emery wheel, a breach of the employer's
   duty under sub. 11, sec. 2394—41 and sec. 2394—48, Stats., was
   sufficiently shown by the employer's admission that the wheel
   might have been but was not guarded, and the testimony of
   one witness, with little evidence to the contrary, that it might
   have been so guarded as to avoid the injury which plaintiff
   sustained.
2. Inaccurate statements of the law in a charge to the jury relat-
   ing to negligence and contributory negligence, which could not
   possibly have affected the result, did not constitute prejudi-
   cial error.
3. In an action for a personal injury it was not prejudicial error
   to refuse to instruct the jury that plaintiff was not entitled
   to recover compensation on account of injuries which he did
   not sustain.
4. Failure to give requested instructions as to the burden of proof
   was not prejudicial error where the court charged the ·jury
   fully on that subject.
5. There being evidence tending to show that the muscles of
   plaintiff's eye are paralyzed and the power of vision decreased
   seventy-five per cent., an award of $1,400 for the injury, ap-
   proved by 'the civil and circuit courts, is not so clearly ex-
   cessive as to warrant interference therewith by this court.

APPEAL from a judgment of the circuit court for Milwau-
kee county: LAWRENCE W. HALSEY, Circuit Judge. *Af-*
*firmed.*

Plaintiff brought this action in the civil court of Milwau-
kee county to recover damages for an injury to his eye, sus-
tained by reason of the breaking of an emery wheel on
March 15, 1913, while in the employ of the defendant.
There was a general verdict by which the jury found for the
plaintiff and assessed his damages at $1,400. Judgment

was entered on this verdict and an appeal taken therefrom. The judgment was affirmed by the circuit court and defendant appeals to this court. The grounds of reversal relied on are (1) rulings on evidence; (2) errors in the charge; (3) refusal to charge as requested by defendant; (4) excessiveness of the verdict.

The following are the paragraphs of the charge claimed to be erroneous:

(a) "In connection with this first question I charge you that negligence consists in the violation of some duty, having regard to the relation between the parties, to time, place, and circumstances. And if you find from all the evidence in the case that the defendant corporation within the rule above stated was negligent, then such negligence would become actionable."

(b) "I further charge you that in determining whether a person whose acts cause injury to another was guilty of negligence, the test is not whether injury from such acts was probable, but whether injury might have been expected by a person of ordinary care under like circumstances, including the precautions taken to avert such injury."

(c) "I charge you that a master is liable for injuries suffered by his servant where by his own negligence or malfeasance he has enhanced the risk to which the servant was exposed beyond the natural risk of the employment, or has knowingly and without informing the servant used defective machinery which has caused the injury."

(d) "I further charge you that it is the duty of the master to furnish the servant with reasonably safe and suitable machines and appliances for doing the work which the servant is required to do, as well as a reasonably safe working place; and where the master has charge of the work himself he is guilty of negligence if defective appliances are furnished."

(e) "It is the duty of the master or employer to furnish his servants or employees a reasonably safe place in which to perform his work, and suitable, safe instruments with which to perform them."

(f) "If you find, gentlemen, on the first issue that the defendant was negligent, then your next duty is to find whether

or not defendant's said negligence was the proximate cause of plaintiff's injuries, for, even though the defendant was negligent, plaintiff cannot recover unless such negligence was the proximate cause of plaintiff's injuries."

(g) "If your minds are satisfied from the preponderance of the evidence to a reasonable certainty that defendant's said negligence was the proximate cause of plaintiff's injuries, then you will find for the plaintiff on this question. If you do not so find, gentlemen, your verdict in this case will be for the defendant.

"Your next duty, gentlemen, is to find whether or not the plaintiff at the time he was injured was guilty of any want of ordinary care which contributed to produce his injury."

(h) "I charge you that in order to find that the plaintiff was guilty of contributory negligence you must find that there was a want of ordinary care on his part under all of the circumstances of the case which contributed to his injuries as an efficient and proper cause thereof. Slight negligence is not necessarily a want of ordinary care."

(i) "If the plaintiff used such care as persons of ordinary care, intelligence, and prudence under similar circumstances ordinarily use, then the plaintiff was not guilty of contributory negligence which proximately contributed to his injuries."

The following requests to charge were made, and were refused by the court, which rulings are alleged to be erroneous:

"The burden of proof upon the question of whether the plaintiff is or is not permanently injured is upon the plaintiff, and your minds must be satisfied from the greater weight of all of the evidence to a reasonable certainty that he is permanently injured before you can so find."

"There is no testimony in this case that there is a probability of damage of any kind to the plaintiff's left eye by reason of the injury in question. I therefore instruct you that in considering the question of damages you must not allow anything at all based upon injury to said left eye."

"There is no testimony that the plaintiff will or may suffer or have pain in the future. I therefore instruct you that you must not consider the likelihood of such future pain and suffering in arriving at your verdict."

"There is no testimony that the plaintiff will be in any way incapacitated from performing physical or manual labor in the future, so you must not consider the likelihood of any such future incapacity in arriving at your verdict."

"There is no evidence in this case that the plaintiff has been put to any expense of any nature whatsoever by reason of the injury, so in arriving at your verdict you must not consider any such expense or expenses."

"The burden of proof upon the question of whether the plaintiff is or is not permanently injured is upon the plaintiff, and your minds must be satisfied from the greater weight of all the evidence to a reasonable certainty that he is permanently injured before you can so find, or give him damages because of such permanency."

For the appellant there was a brief by *Lawrence A. Olwell* and *Burr J. Scott,* and oral argument by *Mr. Scott.*

For the respondent there was a brief by *Lehr, Kiefer & Reitman,* attorneys, and *J. Elmer Lehr,* of counsel, and oral argument by *J. Elmer Lehr.*

BARNES, J.    It was the duty of the defendant to furnish its employee with as safe a place to work in as the nature of the employment would reasonably permit.   Sec. 2394—41, sub. 11, and sec. 2394—48, Stats.   It was admitted by defendant that the emery wheel might have been guarded and that it was not.   It was not admitted that it could be guarded so as to avoid the injury which plaintiff sustained.   One witness, however, testified that it could be so guarded, and we find little evidence to the contrary.   The defendant's foreman appears to have testified both ways on the subject.

Leaving out of consideration assumption of hazard, which was abolished by sec. 2394—1, Stats. 1911, we find no evidence to show contributory negligence on the part of the plaintiff.

Most of the alleged errors in the charge related to negligence and contributory negligence.   The charge in the main is correct.   Some parts of it are not strictly accurate state-

ments of the law, but in view of the state of the evidence nothing erroneous is said which by even a remote possibility could have affected the result.

There was no prejudicial error in refusing to charge the jury that plaintiff was not entitled to recover compensation on account of injuries which he did not sustain. We cannot assume that the jury awarded damages on any such account. The court charged the jury quite fully on the question of burden of proof, and no prejudice resulted from failure to give the instructions requested on this subject.

The plaintiff sustained a severe injury. There is evidence tending to show that the muscles of the eye are paralyzed and that the power of vision is decreased seventy-five per cent. The civil and circuit courts have approved the verdict, and this court cannot say that it is so clearly excessive as to warrant interference with it.

The claim that the court erred in one of its rulings on evidence is frivolous.

*By the Court.*—Judgment affirmed.