KOENIG, Appellant, vs. SPROESSER and another, Respondents.

*April 15—May 4, 1915.*

*Negligence: Automobiles: Collision with carriage: Passing from behind: Duty to give warning: Evidence: Instructions to jury: Harmless errors: New trial: Perverse verdict: Constructive denial of motion.*

1. In an action for the injury to plaintiff's horse and carriage caused by collision with an automobile, the jury having acquitted plaintiff's driver (his minor son) of negligence, any error in admitting evidence that he was careless became immaterial; nor could plaintiff have been prejudiced by the refusal to give requested instructions as to the law relating to negligence of children.

2. The admission of evidence on defendants' behalf as to how the defendant who was driving the automobile when the collision occurred had driven it at various times before the accident, was not prejudicial error, although such evidence was perhaps not competent.

3. Although the jury found that neither driver was negligent and that neither party sustained any damage, the verdict was not necessarily perverse.

4. It is not error to refuse to give requested instructions which are sufficiently covered by the charge given.

5. In an action for injury caused by collision between a horse and carriage and an automobile, a charge to the jury to the effect that owners of automobiles and of horses have equal rights on the public highway; that it is the duty of the driver to give warning to one driving a vehicle in front before attempting to pass; that the sounding of an automobile horn is the usual way of giving warning; that although there was no statute on the subject at the time of the accident it was the custom for a driver coming up behind another vehicle and passing it to turn to the left, and for the driver of the vehicle ahead to turn to the right, but that such rule or custom was not inflexible and might be varied by circumstances—was, at least, not prejudicially erroneous.

6. Under sec. 2878, Stats., a motion for a new trial on the judge's minutes, made but not decided during the term at which the trial was had, must be deemed constructively overruled.

APPEAL from a judgment of the county court of Jefferson county: CHARLES B. ROGERS, Judge. *Affirmed.*

This action was brought to recover damages on account of a collision between the plaintiff's horse and buggy and the defendant *W. D. Sproesser's* automobile. It is charged in the complaint that the defendant *Jacob Sproesser* carelessly and negligently ran into the horse and carriage of plaintiff, which horse was being driven with due care by the minor son of the plaintiff. The damages claimed to the plaintiff's horse and carriage are $138.52.

The defendants denied negligence and set up a counterclaim to the effect that the defendants exercised due care and that the minor son of the plaintiff acted with authority of the plaintiff and carelessly and wilfully drove the plaintiff's horse and carriage in front of defendants' automobile and brought said horse and carriage to a sudden standstill, causing the carriage to collide with the lamps and fender of said automobile, causing damage in the sum of $39.50.

The jury returned the following verdict:

"(1) Was the defendant *Jacob Sproesser* guilty of negligence or want of ordinary care in the management of the automobile at the time and place in question? *A.* No.

"If you answer the above question 'Yes,' then answer this one:

"(2) Was such want of ordinary care the proximate cause of the accident? A. ——.

"(3) Was Franz Koenig, the son of plaintiff, guilty of negligence or want of ordinary care in the management of plaintiff's horse and buggy at the time and place in question? A. No.

"If you answer the above question 'Yes,' then answer this one:

"(4) Was such want of ordinary care the proximate cause of the accident? A. ——.

"(5) What amount of damages, if any, estimated in money, did the plaintiff, R. P. Koenig, sustain in consequence of the accident? 1. To his horse. A. None. 2. To his buggy. A. None.

"(6) What amount of damages, if any, estimated in money, did the defendant W. D. Sproesser sustain to his automobile in consequence of the accident? A. None."

For the appellant there was a brief by Lueck & Kuenzli, and oral argument by Otto Kuenzli.

Gustav Buchheit, for the respondents.

KERWIN, J.   1. The first error assigned is that the court erred in admitting testimony to the effect that it was the custom of Franz Koenig, son of plaintiff, when driving into the yard not to look around.   There was no prejudicial error in this.   The effect of it was to show that the minor son was a careless driver, but the jury acquitted him of negligence.

2. The second error assigned is that the court erred in permitting the witness Minnie Sproesser to testify as to the manner in which the defendant Jacob Sproesser drove the automobile at various times previous to the accident in question. The evidence was perhaps not competent, but we think it was not prejudicial.

3. Error is assigned because the court refused to cause the jury to retire for the purpose of correcting the special verdict,

so as to change the answers and answer such questions as had not been answered.   It is insisted under this head that the undisputed evidence shows damage, therefore the verdict is perverse because the jury found no damage; and further it is said that either plaintiff's son, who drove the horse, or defendant *Jacob Sproesser* must have been guilty of negligence.   It does not follow that either must have been negligent.   They may both have been free from negligence and the collision the result of an accident.   Nor does the finding of no damage necessarily show that the jury were actuated by passion or prejudice.   *Parmentier v. McGinnis,* 157 Wis. 596, 147 N. W. 1007.

Error is assigned on refusal to give requested instructions and instructions given.   The first and second requested instructions related to the rule of law as to negligence of children.   The plaintiff could not have been prejudiced by refusal to give these instructions even if proper, because the jury found no negligence.

The third request related to the duty of the driver to give warning to one driving a vehicle in front before attempting to pass where it is dangerous to pass.   There was no prejudicial error in refusal to give this instruction.   It was sufficiently covered in the charge given.   *Sobek v. George H. Smith S. C. Co.* 158 Wis. 517, 149 N. W. 152; *Dolphin v. Peacock M. Co.* 155 Wis. 439, 144 N. W. 1112.

4. The appellant claims error in the charge given to the effect substantially (1) that owners of automobiles and of horses have equal rights upon the public highway; that it is undoubtedly the duty of the driver to give warning to one driving a vehicle in front before attempting to pass without such warning, and that the sounding of an automobile horn is the usual way of giving warning; (2) that while there was no statute on the question at the time of the accident it was the custom for a driver coming up behind another vehicle and passing it to turn to the left, and for the driver of the ve-

hicle ahead to turn to the right. "This rule or custom, however, is by no means inflexible, but may be varied by circumstances."

It is claimed that these instructions were misleading and were calculated to confuse the jury. We do not think so. We think under the evidence of the case and so far as they went the instructions were not erroneous and certainly were not prejudicial. The accident occurred August 24, 1911. Upon an appeal here error must affirmatively be shown. *Manufacturers & M. I. Bureau v. Everwear H. Co.* 152 Wis. 73, 138 N. W. 624; *Adams v. Menasha P. Co.* 154 Wis. 577, 143 N. W. 658.

5. Error is also assigned because the court refused to change the answers of the jury to the special verdict and render judgment for the plaintiff, or in the alternative grant a new trial. The grounds upon which this error is assigned have been covered in part by what has been heretofore said. There can be no question but that the evidence was sufficient to support the answers, and we cannot say that failure to answer questions respecting proximate cause and damages prejudiced the appellant and shows that the jury was actuated by passion or prejudice.

It is lastly argued that the court erred in not granting a new trial for the reason that the judge who heard the motion was not the judge who presided at the trial, therefore had no jurisdiction or authority to enter judgment on the verdict. It seems that after the motion was made before the judge who heard the case it was thought by counsel on both sides that his term had expired and the motion therefore was taken up by his successor, Judge KIRKLAND, and argued before him, and he denied the motion.

It also appears from the record that the motion for a new trial was made in writing specifying the grounds, and the reporter's minutes were read to Judge KIRKLAND and the case fully presented to him by counsel for both sides. It is con-

tended by counsel for respondents that Judge KIRKLAND was qualified to hear the motion because counsel on both sides voluntarily appeared before him and consented to the hearing; and further, that if he did not have jurisdiction to hear the motion for a new trial it was constructively overruled by the statute. Sec. 2878, Stats., provides in part that "if such motion be made, but not decided during such term, it shall be taken as overruled, and an exception to such constructive denial of the same shall be allowed in the bill of exceptions."

The case was tried in the county court of Jefferson county and this statute is made applicable to that court. See ch. 71, Laws 1897.

We think the motion must be regarded as constructively overruled by force of sec. 2878, therefore other grounds presented need not be considered.

We find no reversible error in the record.

*By the Court.*—Judgment affirmed.