MINER, Appellant, vs. TOWN OF ROLLING, Respondent.

*March 6—April 3, 1918.*

*Highways: Sufficiency: Injury from defect: Questions for jury: Instructions to jury: Verdict: Perverseness.*

1. A highway which crossed a ravine thirty feet wide upon a fill or embankment about four feet deep at the deepest place and having a hard, smooth surface about twelve feet wide at the narrowest point, and not wide enough at any point for two automobiles to pass each other safely, was not defective as a matter of law, where the highway was straight at that place so that cars coming in either direction could be seen at a considerable distance.

2. An instruction to the jury under which it was left to them to consider, in passing upon the sufficiency of such highway, the depth of the fill, its precipitous sides, the absence of a barrier, the presence of growing brush, and all the other facts and circumstances shown by the evidence, is *held* to have been correct and adequate.

3. In an action against a town for injuries alleged to have been caused by an automobile running off from a narrow embankment upon which a highway crossed a ravine, there being evidence which would have warranted the jury in finding that the car did not go over the embankment but down the side of the ravine, the court properly charged the jury upon the subject of a traveler voluntarily or without cause leaving the traveled track.

4. An instruction in such case that if the town prepares a traveled track reasonably safe and wide, and sufficient for travel, it is not liable for accidents occurring thereon, was not improper on the ground that it informed the jury of the effect of their answer, in the special verdict, to the question as to the sufficiency of the highway.

5. The giving to the jury of general rules of law appropriate to the particular question of the special verdict in connection with which such rules are given, is not error.

6. In an action for injuries alleged to have been caused by a defective highway, a special verdict finding that the highway was sufficient and that the plaintiff's damages were "nothing," is *held* not to have been perverse because of the latter finding, it appearing that the jury understood the effect of the first finding and naturally concluded that plaintiff was entitled to no damages.

APPEAL from a judgment of the municipal court of Langlade county: T. W. HOGAN, Judge. *Affirmed.*

Action to recover damages for injuries sustained by reason of an alleged defective highway. Plaintiff, her mother, her sister, Mrs. Stewart, and her three children were riding in a Ford car at the time of the accident. Mrs. Stewart drove and had with her on the front seat two of her children. The other one occupied the rear seat with her sister and mother. They drove south from Antigo some distance, and as it was getting late they turned back to Antigo. They lighted the lights, and a short distance from the place of the accident Mrs. Stewart got out and turned the lights up higher. The road ran nearly north and south and crossed a depression or ravine of about thirty feet in width that had been filled by an embankment varying in width from eleven feet four inches to fourteen feet. Defendant's evidence was to the effect that it was at least twelve feet wide at the narrowest point. The road had been built about twenty years previously, and no work had been done on it at this place for about six years. The sides of the embankment were abrupt, overgrown with brush close up to the top, and were about four feet deep at the deepest point. The surface of the road was smooth and hard and the traveled track was substantially in the center of the embankment. In coming from the south there was a slight grade down to the fill, and two automobiles could not pass each other on the embankment with safety. Mrs. Stewart's testimony is to the effect that as she came down to the fill she noticed some stones in the wheel track; that she tried to avoid them, and the next she knew the car had run over the embankment at its deepest place and had turned completely over. The defendant's evidence is to the effect that plaintiff's car left the traveled track before the fill was reached, ran through the brush down the steep side of the depression, struck a log, and turned over. Plaintiff

claims the defendant was negligent in maintaining such a
deep, narrow fill without fences or barriers on the sides and
in permitting brush to grow close up to the top of the fill.
The court submitted the issue to the jury in the form of a
special verdict and they found (1) that the highway at the
time and place in question was sufficient for public travel;
(2) that no want of ordinary care on the part of plaintiff, or
of the driver of the automobile, proximately contributed to
produce plaintiff's injuries; and (3) that her damages were
"nothing." The plaintiff appealed from a judgment entered
upon the special verdict in favor of defendant.

*Arthur Goodrick* of Antigo, for the appellant.

*C. J. Te Selle,* attorney, and *Henry Hay,* of counsel, both
of Antigo, for the respondent.

VINJE, J. The contention of plaintiff that the highway
was insufficient as a matter of law cannot be sustained. The
town made a fill of about four feet at the deepest place across
a depression of thirty feet in width and provided a hard,
smooth surface eleven feet four inches wide at its narrowest
point, or of twelve feet if defendant's evidence is believed.
Such highway the jury might well find sufficient in view of
the character of the country through which the highway ran.
True, it was one of the main traveled highways of the town
and had considerable travel upon it. The fact that two cars
could not pass at all upon part of the fill and could not pass
safely upon any part of it did not make it defective as a mat-
ter of law. It is common knowledge that there are, and
under present conditions must be, many places, especially
upon fills, where cars cannot pass each other. This fill was
only thirty feet long upon a straight part of the highway
where cars coming in either direction could be seen for a
considerable distance, so it was easy for one car to wait until
the other passed the fill if they met at that place. In in-

structing upon the question of the sufficiency of the highway the court said:

"You should also, in answering this question, take into consideration the ravine, and character of the fill, and if it concealed the nature of the ground, and any other object or obstacle, and determine whether they were in such close proximity to the traveled and worked portion of the road and so connected with it as to make it defective or unsafe, also the grade of the road and all surrounding facts and circumstances as shown by the evidence, and answer the question by 'Yes' or 'No' as you think the evidence warrants."

This was a correct and adequate instruction which left to the jury to consider and pass upon the sufficiency of the road in view of the depth of the fill, the precipitous sides, the absence of a barrier, the presence of the growing brush, and all the other facts and circumstances disclosed by the evidence.

In view of the evidence on defendant's part tending to show that plaintiff's car left the traveled track before the fill was reached, no error is perceived in the court charging the jury on the subject of a traveler voluntarily or without cause leaving the traveled track. The evidence would have warranted the jury in finding that the car did not go over the embankment at all, but down the side of the ravine.

In the court's instruction relating to the sufficiency of the highway are found expressions to the effect that if the town prepares a traveled track reasonably safe and wide and sufficient for travel it is not liable if accidents occur. This is excepted to and claimed to be reversible error on the ground that it informs the jury of the effect of their answer, and *Van de Bogart v. Marinette & M. P. Co.* 127 Wis. 104, 112, 106 N. W. 805, is relied upon to sustain the claim. The subject of when information disclosing the effect of the jury's answer constitutes reversible error was quite fully treated in the later case of *Banderob v. Wis. Cent. R. Co.* 133 Wis. 249, 113 N. W. 738, where the cases are collected and discussed. We shall make no attempt to treat the subject anew, but con-

tent ourselves with saying that the present case falls under subdivision (3) of that case, found on page 287, stating that "the giving to the jury of general rules of law appropriate to the particular question of the special verdict in connection with which such rules are given is not error." The general rule of law that if a town furnishes a sufficient highway it is not liable for accidents occurring thereon, if not known to the jurors before they sat in the case, certainly must have been made plain to them by the claims and arguments of counsel long before the court instructed them. If it was not, either the attorneys failed to properly try the case or else the jury were so dense that they could be neither harmed nor benefited by any instruction of the court.

The trial court disposed of the claim that the verdict was perverse because the jury assessed the damages at "nothing," by stating that "it conclusively appears that the jury understood the force and effect of its answer to the first question, and by holding the road sufficient and safe for travel by persons using ordinary care they naturally concluded that plaintiff was entitled to no damages and so answered." It was conceded that plaintiff sustained some damage and the jury undoubtedly so understood. That being the case, the explanation given by the trial judge of the jury's answer seems the only logical and rational one. He was much better able to judge of the jury's conception of the case than we are, and we shall adopt his explanation as ours.

This disposes of all material errors assigned that could have adversely affected the jury's action, with the result that no prejudicial error is found.

*By the Court.*—Judgment affirmed.