PAUL, Respondent, vs. PFEFFERKORN, Appellant.

*June 1—June 23, 1920.*

*Automobiles: Negligence: Collision at street intersection: Contributory negligence: Perverse verdict.*

1. In an action for damages to an automobile in a collision with another automobile at a street intersection, the evidence is *held* to sustain a finding that plaintiff was not negligent.
2. A finding by the jury that the defendant sustained no damages, when it was undisputed that he sustained damages in the sum of $58.40, does not show that the verdict for plaintiff was perverse and should be set aside, the jury evidently understanding that defendant's negligence precluded recovery and the other findings being in accord with the evidence. *Miner v. Rolling,* 167 Wis. 213, followed.

APPEAL from a judgment of the circuit court for Milwaukee county: WALTER SCHINZ, Circuit Judge. *Affirmed.*

Action begun in the civil court of Milwaukee county to recover damages sustained in a collision with defendant's automobile. Defendant counterclaimed for damages to his

automobile. The collision took place November 25, 1917, at the intersection of Washington street and Ninth avenue. Plaintiff drove a Ford touring car north on Ninth avenue, and defendant drove a seven-passenger Chalmers car east on Washington street, and the collision took place at or near the center of the street intersections.

The jury found (1) plaintiff did not fail to exercise ordinary care in driving, managing, operating, or controlling his automobile as he approached and proceeded to cross the intersection of Ninth avenue and Washington street; (3) plaintiff kept to the right on Ninth avenue, going north as he approached Washington street; (6) when plaintiff first saw, or in the exercise of ordinary care should have seen, that a collision was probable, he did not fail to exercise ordinary care to avoid such collision; (8) plaintiff was not guilty of any failure to exercise ordinary care which proximately contributed to the collision; (9) defendant failed to exercise ordinary care in driving, managing, operating, or controlling his automobile as he approached and proceeded to cross the intersection of Ninth avenue and Washington street; (10) such failure to exercise ordinary care was the proximate cause of the collision; (11) when defendant first saw, or in the exercise of ordinary care should have seen, that a collision was probable, he failed to exercise ordinary care to avoid such collision; (12) such failure to exercise ordinary care was the proximate cause of the collision; (13) defendant was guilty of a failure to exercise ordinary care which proximately contributed to the collision; (14) plaintiff sustained damages in the sum of $1,515, and defendant's damages were "None."

The trial court reduced plaintiff's damages to $1,215 and entered judgment in his favor for such amount with costs. Upon an appeal by the defendant to the circuit court the judgment was affirmed, and from such judgment defendant appealed to this court.

*O. W. Bow* of Milwaukee, for the appellant.
*Arthur Breslauer* of Milwaukee, for the respondent.

VINJE, J.    Plaintiff was driving north on Ninth avenue at a speed of from eleven to twelve miles per hour.    When within thirty-five or forty feet from the point of collision he saw defendant's car coming east on Washington street about seventy or eighty feet from the point of collision and at a speed which he judged to be from twenty-two to twenty-five miles per hour.    Just before the collision plaintiff increased his speed some, but defendant's car struck the left side of his car and practically demolished it.    He testified he thought the safest way to avoid collision was by speeding up instead of slowing down, especially as he had the right of way.    He thought defendant would slow up sufficiently to permit him to pass in safety.    He turned to the right as far as he could before he was struck.    The jury acquitted plaintiff of negligence, and this finding is challenged.    The civil court approved the finding and so did the circuit court. We see no ground upon which it can be disturbed.    On the contrary, it seems to be in accord with the facts as disclosed by the whole evidence in the case.    It may be true that by an instant application of the brakes when plaintiff first saw defendant he could have prevented a collision.    On the other hand, it seemed equally reasonable to assume that by speeding up some he could pass in safety, and the latter course is no doubt the one usually taken by the average prudent and careful driver.    There is no evidence to show that defendant slowed his speed as he should or that he paid the least attention to plaintiff.    Under such circumstances the challenged finding rests upon a basis too substantial for interference by an appellate court.    The finding evidently was not made, nor is it sustained, on the mere ground that plaintiff had the right of way, but on the ground that, having the right of way, his conduct measured up to the standard of

ordinary care. *Watermolen v. Fox River E. R. & P. Co.*
110 Wis. 153, 85 N. W. 663; *Zimmermann v. Mednikoff,*
165 Wis. 333, 162 N. W. 349; *Glatz v. Kroeger Bros. Co.*
168 Wis. 635, 170 N. W. 934.

It is undisputed that defendant sustained damages in the
sum of $58.40, and yet the jury found none. This fact, it
is argued, shows the verdict was perverse and should be set
aside, claiming that the case differs from *Miner v. Rolling,*
167 Wis. 213, 217, 167 N. W. 242. We see no difference
in the cases. Here the jury understood that defendant's
negligence precluded recovery. The civil court so con-
strued the reason for the jury's finding and the circuit court
approved it. The *Miner Case* rules this. Besides, it is
clear that the verdict otherwise is not perverse but in accord
with the evidence.

*By the Court.*—Judgment affirmed.