PRAHL, Appellant, vs. HOGENSEN, Respondent.

*October 14—November 11, 1924.*

*Automobiles: Law of the road: Unavoidable accidents: Collisions at highway intersections: Verdict acquitting both drivers of negligence: Inadequate damages: Perverseness.*

1. In the management of automobiles there may be collisions due to accidents for which neither party is liable in damages, as where the injury caused could not have been guarded against by care and foresight. p. 39.
2. An answer in a special verdict to the effect that neither of the drivers of automobiles which collided at a dangerous highway crossing was negligent is *held* not warranted by the evidence. p. 41.
3. A verdict for only $45 above plaintiff's expenses for injuries resulting from the collision is so contrary to the undisputed evidence and the instructions of the court as to require that it be set aside for perverseness. p. 41.

4. When the damages awarded are grossly excessive or inade-
quate and the verdict is manifestly the result of passion or
prejudice and palpably wrong, it should be set aside for per-
verseness, which may be based on a disregard of the uncon-
tradicted evidence or of the instructions of the court.   p. 42.

APPEAL from a judgment of the circuit court for Racine
county: E. B. BELDEN, Circuit Judge.   *Reversed.*

*Dale C. Shockley* of Milwaukee, for the appellant.

For the respondent there was a brief by *Whaley & Erik-
son* of Racine and *Waller & Ruzicka* of Burlington, and
oral argument by *Vilas H. Whaley.*

JONES, J.   Since we have decided that there should be a
new trial in this case, it is neither necessary nor desirable
that the facts should be stated in great detail.   It is undis-
puted that the plaintiff, while riding as a guest in a Stanley
automobile in a southerly direction on the Kilbourn road,
was injured in a collision with a Maxwell automobile, driven
by the defendant in an easterly direction on the Ryan road,
at a point where these two roads intersect at right angles
in Milwaukee county.   The collision occurred in broad day-
light at about 7:15 o'clock in the morning of the 4th of
December, 1922.   Both of the roads were paved and the
concrete on each of them was eighteen feet wide.   The left
front portion of the defendant's car came into contact with
the right front portion of the car in which the plaintiff was
riding, with the result that the occupants were hurled from
the automobiles and the 3,800-pound Stanley car was swung
around facing the direction from which it had come, about
twenty or thirty feet south of the point of collision, while
the 2,200-pound Maxwell car was about twenty or thirty
feet further south and thirty feet east of the pavement of
the Ryan road.

There was a conflict in the testimony as to the rate of
speed of the respective automobiles and the lookout by the
drivers.   There was slight evidence as to material obstruc-

tion of the view of the drivers. The jury found that there was no want of ordinary care on the part of either driver and that the driver of the Stanley was not the plaintiff's agent; and that the damages of the plaintiff amounted to $600.

Both of the automobiles were badly wrecked. The owner of the car driven by the defendant, which was a new automobile, testified that it was a total wreck and would cost more to repair it than to buy a new one. After the accident the occupants of the cars were seen lying about on the ground. One witness in the defendant's car testified that he heard a crash and the next moment he was picking himself up out of a near-by lawn. Other occupants of the cars became unconscious as a result of the collision. The plaintiff was thrown out and became unconscious. He was taken to a hospital, where he remained about seven weeks under the care of a doctor. He was then taken home, where he remained nearly three months before he could go out. He used crutches until the middle of June and was unable to take up his business of real-estate agent until the month of September. There was testimony that the plaintiff had broken his pelvic bone, fractured his right shoulder, and there was an account of much pain and suffering endured by the plaintiff as a result of the accident. The bill rendered for the services by the physician was $1,000, and there were about sixty-five treatments. The plaintiff paid the physician $555. The plaintiff's motion for a new trial was denied and judgment was entered for the defendant.

The history of this case presents two rather unusual features. One is that on the facts proven the jury found that neither of the drivers was wanting in ordinary care. No claim was made by either party that the collision was due to unavoidable accident. In the management of automobiles there may undoubtedly be collisions due to accidents of that character in which neither party is liable in damages. They are cases where the collision occurs under such cir-

cumstances that by care and foresight the injury caused could not have been guarded against. This collision occurred at a crossing known to both parties to be dangerous, and it was so marked. There was no such obstruction to the view as to prevent either party from slowing up or stopping his car in time to prevent the collision, if both had been driving at a proper rate of speed and mindful of the statutes regulating speed, the right of way, and the management of cars at intersections. The physical facts show that one of the cars must have been going at a high rate of speed. On the evidence we are convinced that the jury could not have given the answers as to negligence as reported if they had given that careful attention to the evidence and the charge of the judge which the importance of the case required. The other unusual and remarkable feature of the case is the assessment of damages. The court gave the usual instructions on this subject, which called upon the jury, in the seventh question, to award such damages as would compensate the plaintiff for his medical, surgical, nursing, and hospital expenses, and for loss of earnings proved, for bodily and mental pain and suffering, and for future pain and suffering, if any. It was undisputed that the plaintiff's expenses were $555. The extent of his injuries, his loss of time for eight months, and his pain and suffering were in no way disputed. Thus it appears that the jury awarded the plaintiff for the severe injuries proven only $45 above his expenses. Since the testimony was undisputed, there was no ground for a compromise verdict on this question, and it is plain that the jury disregarded the plain instructions given by the court. The jury were instructed that they were required to answer this seventh question no matter how they answered the other questions. It seems incredible that the jury could have believed on the evidence that the trifling sum of $45 would compensate the plaintiff for the damages he suffered over and above his actual disbursements. We are forced to the conclusion that

this answer was wholly unsupported by the evidence and in direct violation of the instructions given by the court. Many years ago it was held by this court that "A verdict of a jury which is wholly unsupported by the evidence is clearly a perverse verdict; as much so as if rendered in direct violation of the law of the case as laid down by the court upon the trial of the action." *Schweickhart v. Stuewe,* 75 Wis. 157, 43. N. W. 722. Formerly it was a mooted question whether the courts had the power to set aside verdicts in tort cases on the ground of inadequacy as to the amount of the damages. But it has long been settled that when the damages are grossly excessive or grossly inadequate a new trial may be ordered, especially when there is the element of perverseness. The decisions in this court are relatively few in which the subject of what constitutes perverseness is discussed. In most of the cases the question has been incidental to that of the allowance of costs. In a dissenting opinion Mr. Justice MARSHALL, with his habitual industry, collected the cases bearing on the subject. *Godfrey v. Godfrey,* 127 Wis. 47, 106 N. W. 814. Other collections of cases will be found in 47 L. R. A. 45, and in Am. & Eng. Ann. Cas. 1912D, p. 1226. It is clear that when it is manifest that a verdict is the result of passion or prejudice and is palpably wrong, it should be set aside by the trial court, and that perverseness may be based on the disregard of the uncontradicted evidence or the instructions of the court. *Lines v. Milwaukee,* 147 Wis. 546, 133 N. W. 592; *McNamara v. McNamara,* 108 Wis. 613, 84 N. W. 901; *Whitney v. Milwaukee,* 65 Wis. 409, 27 N. W. 39; *Becker v. Holm,* 100 Wis. 281, 75 N. W. 999; *Emmons v. Sheldon,* 26 Wis. 648. Counsel for the respondent have cited the following cases to sustain their contention: *Vogel v. Otto,* 182 Wis. 1, 195 N. W. 859; *Siegl v. Watson,* 181 Wis. 619, 195 N. W. 867; *Paul v. Pfefferkorn,* 172 Wis. 61, 178 N. W. 247; *Miner v. Rolling,* 167 Wis. 213, 167 N. W. 242; *Koenig v. Sproesser,* 161 Wis. 8, 152 N. W. 473; *Parmentier v. McGin-*

*nis,* 157 Wis. 596, 147 N. W. 1007. In these cases orders of the trial court denying new trials where perverseness was claimed were sustained on the ground that it was perfectly clear from the record that the jury understood that there was no liability on the part of the defendants or that the finding as to damages in no way affected that as to liability, or that, taking the verdict as a whole, it could not be said that the jury were influenced by passion or prejudice.

Of course when this question is raised every case must be decided on its own facts. In considering the whole verdict and the evidence and the disregard by the jury of the instructions, we are convinced that the order of the trial judge should not be sustained on any of these grounds. We are persuaded that the answer to the seventh question was so contrary to the undisputed testimony and the instructions that it was perverse, and that in all probability the answer to this question affected the answers on the subject of negligence. In such a case it is the duty of this court to overrule the decision of the trial court sustaining the verdict. *McNamara v. McNamara,* 108 Wis. 613, 84 N. W. 901.

*By the Court.*—The judgment of the circuit court is reversed and the cause remanded for a new trial.