Argued February 4; affirmed February 25, 1936.

# HANKS *v.* NORBY
### (54 P. (2d) 836)

*Henry Collier,* of Portland (Davis & Harris, Charles
W. Robison, and Collier, Collier & Bernard, all of

Portland, on abstract of record; Collier, Collier & Bernard, of Portland, on the brief), for appellant.

*W. H. Morrison,* of Portland (Maguire, Shields & Morrison, of Portland, on the brief), for respondent.

KELLY, J. Plaintiff is a boy, who, at the time of the collision in suit, which occurred March 8, 1934, was 10 years old. He was riding in a truck driven by his father. Specific charges of negligence on the part of defendant are set forth in the complaint. These are denied in the answer and it is charged therein that the collision occurred wholly by reason of negligence on the part of plaintiff's father while driving the truck in which plaintiff was riding.

Two errors are assigned. The first alleged error consisted in giving the following instruction:

"You are instructed that the law recognizes what is known as unavoidable accidents. An accident may happen and a person may be injured without any negligence on the part of any person therein, and if you believe from the evidence in this case that the accident referred to in plaintiff's complaint was the result of a pure accident or misadventure, and was, under the circumstances, unavoidable, then, of course, your verdict will be for the defendant."

The second alleged error was in refusing to grant plaintiff's motion for a new trial.

■ This court has recognized and approved the use of the term, unavoidable accident, as meaning an accident not resulting from the negligence of defendant: *Meaney v. Portland Electric Power Co.,* 131 Or. 140 (282 P. 113); *Archer v. Gage,* 126 Or. 532 (270 P. 521); and *Daniels v. Riverview Dairy,* 132 Or. 549 (287 P. 77).

Other courts have given it the meaning that the accident was not caused by the negligence of either party to the case: *Wilson v. Roach,* 101 Okla. 30 (222 P.

1000); *Galveston H. & S. A. Ry. Co. v. Gormley* (Tex. Civ. Ap.), 35 S. W. 488; *Prahl v. Hogensen,* 185 Wis. 37 (200 N. W. 660). See other cases cited in Note 22 of Section 4, p. 260, Vol. 1, Blashfield's Cyc. of Automobile Law (1927 Ed.).

■ If the term, unavoidable accident, be given either of the foregoing meanings, the record of the case at bar, as far as we are able to understand it, justifies the giving of the instruction in question. In other words, the alleged negligence of the driver of the truck may have been shown to be the sole cause of the collision.

If the term, unavoidable accident, is to be given a meaning, synonymous with "an act of God" the instruction would be improper; but it would not necessarily constitute reversible error.

The instruction, which the court gave, defines the term, unavoidable accident, as one happening without any negligence on the part of any person therein. This differentiates it from one wherein the term is used synonymously with "an act of God". The jury could not have been led by it to think that the court instructed them that they were called upon to determine whether the collision was caused without the intervention of human agency.

■ Plaintiff's motion for a new trial was based upon newly-discovered testimony. This testimony consisted of statements of three witnesses that they heard the roar of defendant's motor immediately before the collision, and that it sounded as if the defendant was driving at a terrific speed; and of alleged declarations by defendant that he did not see the truck driven by plaintiff's father and that he, defendant, was driving 60 miles an hour.

We do not deem the denial of plaintiff's motion for a new trial ground for reversal, because the record be-

fore us is such that we are unable to say that, if the absent testimony had been introduced, the result would have been different. Rarely does the noisiest motor attain the highest speed and evidence of oral admissions is to be viewed with caution.

Much of the testimony is unintelligible. The witness, who described the accident, while testifying, made use of a blackboard; in fact, two of them. Of course these blackboards are not in the record of this case. For pages we are edified, but not enlightened, by the "here and there" system in the transcript of testimony. When the witnesses said that the defendant's car was here and the father's truck was there and the witnesses were here and the skidmarks were there, it may be, and we have no doubt that in the instant case it is, true that the jury and the trial judge understood the witnesses perfectly; but before an appellate court such a record is an abomination. It is unwarranted waste to spoil good paper by typing such a record thereon.

The learned and experienced trial judge had the benefit of the entire record. Doubtless, he believed that the result would not have been changed if the newly-discovered testimony had been presented on the trial. From the intelligible portion of the record, before us, we concur with him in that view.

From the record before us, we find no reversible error. The judgment of the circuit court is affirmed.

CAMPBELL, C. J., and RAND and ROSSMAN, JJ., concur.