Swonger, Appellant, v. Celentano and others, Respondents.

*June 7—June 29, 1962.*

304

For the appellant there was a brief by *Douglas, Omernik & Bitney* of Spooner, and oral argument by *E. E. Omernik*.

For the respondents there was a brief by *Cameron, Cameron & Shervey,* and oral argument by *Robert O. Weisel,* all of Rice Lake.

WILKIE, J. Plaintiff contends that the conduct of the trial judge during the trial prejudiced the jury against the plaintiff and that plaintiff did not receive the fair trial to which she was entitled. We have reviewed the entire record and are satisfied that the plaintiff did receive a fair trial.

Although plaintiff asserts no prejudicial error by the trial court either in the form of the verdict or the content of the instructions, plaintiff urges that a fair trial was denied by the actual comments and rulings of the trial judge as made during the trial. A trial judge may deprive a party of a fair trial, even without intending it, by his manner of conducting a case. *Wheeler v. Wallace* (1884), 53 Mich. 355, 19 N. W. 33.

We have examined each incident of alleged prejudicial conduct on the part of the trial court and are satisfied that in each case the ruling or comment was either correct or in

any event not prejudicial and are satisfied that the trial court's conduct considered from the standpoint of its cumulative influence on the jury was not prejudicial against the plaintiff. We now examine the plaintiff's specific allegations of prejudicial conduct by the trial judge.

1. Plaintiff's counsel contends that the jury was prejudiced by the following incident. The answer of a witness was properly objected to by defendants. The court sustained the objection. Plaintiff's counsel then said, "Mr. Thomas, don't get discouraged. We will get this thing out," to which the court responded, "Just a minute, what did you mean by that statement? You think this court is trying to keep something from the jury?", to which the plaintiff's attorney answered: "No, Your Honor." The court replied: "You better be careful of the statements you make. You have been leading this witness all the way." The plaintiff's attorney replied, "I will try to avoid that." Then the court stated: "Don't make any more statements like that. I am warning you on that."

The trial court's actions were entirely correct and plaintiff has no cause to complain.

2. At another point plaintiff's counsel was questioning a witness about marks in the snow on the roadbed and debris that would have a bearing on the location of the vehicles at and before the point of impact. Plaintiff's counsel asked: "What debris are you referring to, please?", to which the witness answered: "Well, there was a little—was a little chrome buttons in the mud and stuff that fell off." Defendants' counsel properly requested that the last part of the answer be stricken as not responsive. This was granted by the trial judge and specifically the words "that fell off" were stricken. The plaintiff's attorney then rephrased his question to elicit the same answer but in a proper fashion. The court interrupted without objection and stated: "Just a minute, he just answered that question for you and you are asking

the same question in a different way. What is the use of repeating all of this?" To this the plaintiff's attorney replied: "May it please the court, the only reason I ask that question again is the court asked that it be struck out because it was not responsive." To which the court replied, "The last part of the answer. If you had paid attention to what it was, you would have known what was struck out." We fail to see any error here.

3. During the trial, a photograph (Exhibit A) was offered by the defendants and was received in evidence. The only direct testimony about the picture as given by the sheriff who took it was that it showed where the truck was located, off the north side of the road, after the collision. During final argument plaintiff's attorney, in discussing this photograph, asked the jury to consider certain marks shown in the photograph which were made in the snow that would have a bearing on the position and movement of the defendant's truck. Defendant's counsel objected to plaintiff's argument and the court sustained the objection on the ground that the photograph had been introduced for only one purpose, and that was to show the position of defendant's truck rather than any tracks which appeared in the picture. Plaintiff's attorney then argued to the jury: "We will make no further reference to the picture, ladies and gentlemen of the jury. You will have it with you in the jury room." The court interrupted with this statement: "Just a minute, what was that last statement?" The court then stated: "Just remember, that picture is introduced for one purpose only, to show the position of the telephone truck. Go ahead."

Since there had been no testimony about any tire tracks shown by the photograph we see no error by the trial judge in restricting counsel's reference concerning the photograph.

4. Plaintiff contends that as to the testimony of one Ralph Thomas the trial court was in error when, after the witness

had testified with answers replete with conclusions of law as to the existence and location of tire tracks, the defense moved that all of this testimony be stricken on the grounds that it was irrelevant and immaterial and the trial judge ruled: "Well, the evidence may stand for what it is worth."

We have reviewed the entire testimony of Mr. Thomas, as did the trial judge on motions after verdict, and find nothing to support plaintiff's counsel's contention that by this statement the judge was stating that the testimony of Thomas was not to be believed. Thomas' testimony about tracks was so vague, so full of legal conclusions, and even so inconsistent that the judge's comment on the evidence was not prejudicial error.

Neither these incidents nor others cited by counsel, but which we do not feel it necessary to discuss here, warrant a conclusion that the trial court's conduct of the trial was prejudicial against the plaintiff. Some of the trial court's comments here, though not prejudicial, were extraneous. Trial judges must be careful to avoid comments that give even the appearance of bias. Nevertheless, the record here so overwhelmingly supports the jury findings on liability that the above incidents taken individually or cumulatively could not have resulted in any prejudice as to the plaintiff.

It is next asserted by plaintiff that the complete failure of the jury to find any damages for the plaintiff indicates perverseness on the jury's part and that such perversity is further shown by the finding that the plaintiff was wholly to blame for the accident.

In *Dickman v. Schaeffer* (1960), 10 Wis. (2d) 610, 617, 103 N. W. (2d) 922, we stated:

"While questions of this kind must be decided on their own facts, this court has held that when a jury has absolved a defendant of causal negligence, which finding is supported by credible evidence, the denial of damages or granting of

inadequate damages to the plaintiff does not necessarily show prejudice or render the verdict perverse. *Parmentier v. McGinnis* (1914), 157 Wis. 596, 147 N. W. 1007; *Wagner v. Peiffer* (1951), 259 Wis. 566, 49 N. W. (2d) 739."

See also *Koenig v. Sproesser* (1915), 161 Wis. 8, 152 N. W. 473; *Miner v. Rolling* (1918), 167 Wis. 213, 167 N. W. 242; *Paul v. Pfefferkorn* (1920), 172 Wis. 61, 178 N. W. 247; *Goelz v. Knoblauch* (1943), 242 Wis. 186, 7 N. W. (2d) 420; *Koniecko v. Huffman* (1953), 265 Wis. 79, 60 N. W. (2d) 729, 61 N. W. (2d) 880; *Schulze v. Kleeber* (1960), 10 Wis. (2d) 540, 103 N. W. (2d) 560; *Dennik v. Fox River Bus Lines* (1960), 11 Wis. (2d) 177, 105 N. W. (2d) 364; *Dyer v. Hardware Mut. Casualty Co.,* ante, p. 79, 115 N. W. (2d) 535.

The trial judge was in a much-better position to judge the question of prejudice and fairness of the jury. In its written opinion on motions after verdict the trial court carefully considered this question and went into the precise actions by the jury when asked by the trial judge about their finding of no damages for the plaintiff. The judge in holding that there was no perversity stated as follows:

"The last reason stated for setting aside the verdict and granting a new trial is that the jury did not allow any damages to the plaintiff for her injuries. When the jury returned, the court asked the jury if they intended to make this their answer and it was their opinion she did not suffer any damages and they said, 'Yes.' We cannot see that there was any passion or prejudice in the jury's action and we are of the opinion that the jury had the right, if they thought there were no damages, to answer it in the manner they did."

This court will give great weight to a trial court's determination where the question of perverseness on the part of the jury is raised in a situation where the jury has found no liability and has also failed to find damages where the fact that there actually were damages is undisputed. *Schuster v.*

*Bridgeman* (1937), 225 Wis. 547, 275 N. W. 440; *Koniecko v. Huffman, supra; Odya v. Quade* (1958), 4 Wis. (2d) 63, 90 N. W. (2d) 96; *Schulze v. Kleeber, supra.*

If the jury answered the damage question as they did because they thought there were no damages, such answer would not necessarily indicate perversity. The trial court's determination on this issue was correct, and plaintiff is not entitled to a new trial in the interests of justice or on any other ground.

*By the Court.*—Judgment affirmed.