Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of RAYMOND DALE, Respondent, for Compensation under the Workmen's Compensation Law, *v.* HUAL CONSTRUCTION COMPANY, Alleged Employer, and CASUALTY COMPANY OF AMERICA, Insurance Carrier, Appellants.

Third Department, November 15, 1916.

**Workmen's Compensation Law — when relation of employer and employee exists within meaning of statute — hiring of team and driver from another.**

Where a construction company hires a team and driver from another and places them under the control and direction of its foreman, and said company, although having no authority to discharge the driver, has

power to refuse to continue him and the team in its service, said driver will be held to be in the employ of the company within the meaning of the Workmen's Compensation Law.

APPEAL by the defendants, Hual Construction Company and another, from an award of the State Industrial Commission bearing date of May 24, 1916.

*Thomas H. Guy,* for the appellants.

*Egburt E. Woodbury, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], and *Robert W. Bonynge* for the State Industrial Commission, for the respondents.

KELLOGG, P. J.:

The question is whether the injured person was in the employ of the appellant Hual Construction Company at the time of the accident. He was in the regular employ of Semon Lippert in driving his team, and had been in that employ for sometime, receiving therefor from him one dollar a day and board and lodging. The construction company required the services of teams and drivers in conducting its business, but having no teams of its own, it contracted with Huntley & McGorray, two of its officials, to furnish it the necessary teams at six dollars and fifty cents a day. They did not have enough teams, and secured additional teams of one Garrity, who was in the teaming business, for which they paid him six dollars a day. Garrity, not having enough teams, secured additional teams of Semon Lippert, for which Lippert received from Garrity six dollars per day. Dale, the driver of Lippert's team, while hauling sand for the company was under the control and direction of its foreman. The company had no authority to discharge Dale, but evidently had authority to refuse to continue him and the team in its service longer.

I think the Commission was justified in determining, under the circumstances, that Dale was in the employment of the construction company at the time of the accident. Under substantially similar facts we held in *Matter of Gimber* v. *Kane Co.* (171 App. Div. 958), on the authority of *Miller* v. *North Hudson Contracting Co.* (166 App. Div. 348, affg. the award in 2 State Dept. Rep. [Off.] 475), that the special employer was

liable under the act. In *Matter of Dale* v. *Saunders Bros.* (171 App. Div. 528; affd., 218 N. Y. 59) we held that under like circumstances the owner of the team was liable as employer, and, referring to the *Gimber* case, assumed that in such cases either the general or special employer might be liable. The *Dale* case was affirmed by the Court of Appeals, thus establishing the liability of the general employer. *Hartell* v. *Simonson & Son Co.* (218 N. Y. 345) sustains the conclusion in the *Gimber* case, that the special employer may be required to make compensation in such a case.

The award should, therefore, be affirmed.

Award unanimously affirmed.