CAYLL and another, Respondents, vs. WAUKESHA GAS &
ELECTRIC COMPANY, imp., Appellant.

*October 19—November 16, 1920.*

*Workmen's compensation: Workman loaned by immediate em-
ployer to another: Liability for compensation: Review of
award of industrial commission: Findings of fact based on
undisputed evidence.*

1. Where an employee of an excavation contractor consented to
   be transferred to the service of a gas company laying pipe in
   ditches dug by the contractor, and was injured while working
   for the gas company and under its sole control, the gas
   company, and not the contractor, was liable for compensa-
   tion under sub. (2), sec. 2394—3, sub. (2), sec. 2394—4, and
   sub. (2), sec. 2394—7, Stats. 1915, he being an "employee"
   of the gas company under an implied contract of employ-
   ment, within the common-law rule, though he continued to
   work for the contractor one hour a day and was continued
   on his pay-roll. [Whether the workman might look to
   either the contractor or the company for compensation, not
   decided.]
2. A finding of the industrial commission on the question of the
   relationship sustained by a workman to parties to whom he
   was transferred is not conclusive where the evidence is un-
   disputed, the question in such case being one of law.

APPEAL from a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Action to set aside an award of the industrial commis-
sion under the workmen's compensation act (secs. 2394—1
to 2394—31, Stats.).

One Thomas Massino was engaged in carrying sewer pipe
at the time of the injury in question on June 3, 1917. The
pipe was coated with tar, and as he threw a section of it off
from his shoulder it stuck to his jacket, nearly threw him,
and thus caused a recurrence of an umbilical hernia.

Massino had been in the general employ of respondent
*Cayll,* an excavation contractor, who held a contract to do
ditch-digging and back-filling for construction work of the

appellant, *Waukesha Gas & Electric Company*. The appellant company was itself laying the pipe in the ditches so dug by respondent *Cayll*. The appellant company was short of men and unable to keep up with the progress made by respondent *Cayll*. Because of this the company asked *Cayll* for the "loan" of some men to help on their part of the work. *Cayll* assented and asked Massino if he wanted to work for the company. Massino consented and went to work carrying and laying pipe for the company. As to this work he was under the control and direction of the company. As the company operated on a nine-hour day and *Cayll* on ten, Massino continued to work for *Cayll* one hour a day in order not to lose pay. The company paid *Cayll* for the time spent on its work and *Cayll* carried Massino on his pay-roll as theretofore. It was after this arrangement had continued for some weeks and while thus performing the work of the appellant company that Massino was injured.

There is no proof in the record that Massino has made any claim under the workmen's compensation act either against *Cayll* or the company. There is an uncontroverted statement in *Cayll's* petition to the industrial commission that he made claim upon both.

*Cayll* and his compensation liability insurer commenced a proceeding before the industrial commission of Wisconsin, setting forth the situation, alleging that Massino was not employed by *Cayll* at the time of injury, and praying that they be dismissed from any claim under the act. The *Waukesha Gas & Electric Company* answered that Massino was not employed by it, but was an employee of *Cayll*, being under his direction and control and paid by him.

A hearing was held by the commission, which thereafter made its findings of fact and award. The commission found the main facts above stated, or they appeared uncontroverted upon the testimony, and that Massino did "not seem to have understood that he was an employee of the *Gas & Electric Company*, but assumed that he was still working for *Cayll*;"

that the injury came as a hazard of the company's business, had no connection whatsoever with the business of *Cayll,* and that the "loan" of Massino was made as a pure accommodation by *Cayll,* without monetary consideration to him. The commission concluded that the moral obligation to pay was upon the company. The commission further found that the relationship of *Cayll* and the company was such that Massino had no cause to inquire who he was working for, the work proceeding at one time and place; that he still seemed to recognize *Cayll* as his "real boss;" and that no one disabused him of that notion.

For these reasons the commission concluded that it could not find as a fact that Massino was not working for *Cayll* under contract of hire, and that, in so far as Massino was concerned, *Cayll* and his insurer must see that he is indemnified. The award followed, ordering *Cayll* and his insurer to pay the prescribed amounts of compensation. There was no direct finding that Massino was in the service of *Cayll* at the time of the injury.

Action was commenced in the circuit court for Dane county by *Cayll* and his insurer to set aside the findings, order, and award of the commission. The complaint set up the usual objections made in such cases, and further, that the injury came as a hazard of the company's business, having no connection with the business of *Cayll,* and that Massino was under the working directions and orders of the company.

The circuit court held that Massino at the time of the injury was in the employ of the *Waukesha Gas & Electric Company,* and ordered that the company be substituted in the award as the party liable to pay the compensation. Judgment was entered accordingly, and from the judgment this appeal is taken by the *Waukesha Gas & Electric Company.*

*M. A. Jacobson* of Waukesha, for the appellant.

For the respondents there was a brief by *Walter F. Mayer* and *James E. Coleman,* both of Milwaukee, and oral argument by *Mr. Mayer.*

For the defendant *Industrial Commission* there was a brief by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by *Mr. Gilman.*

JONES, J.    This case comes before us in quite an unusual manner.    Although it involves the rights of a laborer under the workmen's compensation act, the employee takes no active part in this appeal.    The contest is between two parties who both deny liability, and each alleges that the other was the employer of the servant, Massino, and liable for any compensation which may be due him.

It is alleged in the petition of *Cayll,* respondent, that Massino has claimed that both are liable, although, so far as the record shows, he has filed no formal claim against either.

On the main question litigated there was very little conflict in the evidence, although very different inferences were drawn therefrom.

The statute, as in force at the time of the injury, prescribed that liability shall exist against an employer for any personal injury accidentally sustained by his employee where the following conditions occur (*inter alia*) :

"(2) Where, at the time of the accident, the employee is performing service growing out of and incidental to his employment."    Sec. 2394—3, Stats. 1915.

The following, in part, were defined as constituting employers as above used:

"(2) Every person, firm, and private corporation (including any public service corporation), who has any person in service under· any contract of hire, express or implied, oral or written, . . ."    Sec. 2394—4, Stats. 1915.

The term "employee," as used in the act, was construed to mean (in part) :

"(2) Every person in the service of another under any contract of hire, express or implied, oral or written, . . . but not including any person whose employment is but casual or is not in the usual course of the trade, business,

profession, or occupation of his employer." Sec. 2394—7, Stats. 1915.

In finding that *Cayll* must indemnify Massino the industrial commission relied very much on the facts that he was hired and paid by the respondent and that he believed that the respondent was his employer. In finding that the appellant company must pay the indemnity the trial judge relied on the facts that Massino was injured while engaged in performing labor for the *Gas Company* which had no connection with the business of *Cayll;* that when the injury happened he was doing his work under the immediate direction and control of the foreman of the *Gas Company;* and that although he may have supposed that *Cayll* was his "boss," he had also stated that he was working for the *Gas Company.*

Under the undisputed facts there might well be doubts in the mind of Massino whether *Cayll* or the *Gas Company* was his employer, and we do not consider that his opinion on that subject should have much significance in arriving at a decision as to his rights.

In determining whether Massino was an employee of the *Gas Company* there are other facts to be considered which we regard of greater importance. Although in the employ of *Cayll,* he consented to be transferred to the service of the *Gas Company.* The injury occurred as part of the hazards of the business of that company, during work over which *Cayll* had no control and while Massino was solely under the direction of the appellant. While there was no express contract between Massino and the *Gas Company* there was, within the meaning of the act, an implied contract. Sub. (2), sec. 2394—7, Stats. 1915. While in some respects the employee was subject to the control of *Cayll,* the situation was such that the *Gas Company* was the proprietor of the work being carried on, and could at all times determine how the work should be done and whether it should stop or continue.

Cayll v. Waukesha G. & E. Co. 172 Wis. 554.

It was well settled at common law that where an employee, with his own consent, was loaned to a special employer, he became the servant of such employer. The English workmen's compensation act changed this rule and provided:

"Where the services of a workman are temporarily lent or let on hire to another person by the person with whom the workman has entered into a contract of service, . . . the latter shall, for the purposes of this act, be deemed to continue to be the employer of the workman whilst he is working for that other person." Stat. 6 Edw. VII. ch. 58, sec. 13.

This act was considered by the committee of our legislature which framed the workmen's compensation act, and it was brought to the attention of the legislature. It is fair to assume that the legislature, by failing to adopt this section, intended that the common-law rule would continue so far as applicable to such a transfer of service as is here involved.

Very able and elaborate briefs have been filed on this appeal by counsel on both sides citing many cases bearing upon this interesting question. Without commenting upon them, we cite a few of the many decisions which in our opinion sustain the view that when a workman is transferred with his own consent, as in this case, by an employer to a special employer, the latter may become liable to pay indemnity when he is in the exclusive control and management of the work in which the injury is received. *Scribner's Case,* 231 Mass. 132, 120 N. E. 350; *Coughlan v. Cambridge,* 166 Mass. 268, 277, 44 N. E. 218; *Shepard v. Jacobs,* 204 Mass. 110, 90 N. E. 392; *Kucharuk v. McQueen,* 221 N. Y. 607, 117 N. E. 1073; *Dale v. Hual C. Co.* 175 App. Div. 284, 161 N. Y. Supp. 540; *Westover v. Hoover,* 88 Neb. 201, 129 N. W. 285. See *Standard Oil Co. v. Anderson,* 212 U. S. 215, 29 Sup. Ct. 252.

The industrial commission expressed the view that the *Gas Company* was under a moral obligation to indemnify Massino, but on legal grounds felt bound to hold that the

indemnity should be paid by *Cayll.* The trial judge held that both legally and morally the obligation rested upon the *Gas Company.* In this view we concur.

It is suggested in the brief of the attorney general that Massino had the right to look to either. employer, and New York cases were cited to support that position. It is our view that there might be such a state of facts that both the general and the special employer would be liable. In view of the findings of the commission in this case and the terms of the compensation act, however; we find it unnecessary to decide this question in the present proceeding. We reserve our decision upon this point until it is necessarily presented.

The finding of the commission, approved by the trial court, as to the fact of disability and the amount of the award is sustained by the evidence.

The point was made that the finding of the commission that *Cayll* was liable instead of the *Gas Company* is conclusive. We deem it a sufficient answer that there was practically no conflict in the evidence, and that the relationship sustained by Massino to the other parties was a question of law on the undisputed evidence and the findings of the commission. Moreover, the commission made no direct finding that the workman was in the employ of *Cayll* or of any fact inconsistent with this opinion.

*By the Court.*—Judgment affirmed.