POWELL, Appellant, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*April 5—May 3, 1927.*

*Workmen's compensation: Farm labor: Exchange of work: Laborer injured while assisting neighbor about wood-sawing outfit.*

A farmer arranged to exchange labor with his neighbor and directed one of his farm laborers to proceed to the neighbor's farm and assist about a wood-sawing rig which the neighbor had borrowed to convert some poles into firewood for his own use, and while so employed the laborer was injured. *Held,* that the services of the laborer were for the benefit of his employer, and he was engaged in farm labor at the time of his injury and was not under the provisions of the workmen's compensation act.

APPEAL from a judgment of the circuit court for Dane county: AUGUST C. HOPPMANN, Circuit Judge. *Reversed.*

For the appellant there was a brief by *Eberlein & Larson* of Shawano, and oral argument by *M. G. Eberlein.*

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

DOERFLER, J. Action to set aside an award of the *Industrial Commission* under the workmen's compensation act.

One *Powell,* the owner of a farm in Lincoln county which he operated with some hired help, also owned a thresher and a hay baler which he used on his farm, and with which he also did some commercial work along these lines. One *Debroux* was employed by *Powell* on or about the 19th day of November, 1924, as a farm laborer, and on that' day and for several days thereafter assisted *Powell* in baling the hay on his farm. The particular work assigned to *Debroux* consisted of his throwing the hay from the stack onto a certain platform, whence it was fed by other employees into the baler.

On the 22d of November, one Roberts, a farm laborer who occupied a house located on a neighboring farm belonging to the Langlade Lumber Company, and who had gathered some pole wood which he desired to use in heating his premises, called at *Powell's* farm, where he submitted to *Powell* a proposal that if the latter would loan him his tractor and assist him in cutting his wood with a certain saw rig belonging to the lumber company, he, the said Roberts, and his son would assist *Powell* in baling hay. *Powell* thereupon agreed to the proposal made by Roberts, but, instead of personally aiding, the latter ordered his son to deliver the tractor to Roberts's premises, and also furnished his own employee, *Debroux,* to substitute in the work to be done in the sawing of the wood. In the course of the process of sawing the wood on Roberts's farm, *Debroux* sustained an injury to one of his fingers, for which the *Industrial Commission* awarded compensation, and which award was affirmed by the judgment of the circuit court.

. The vital question presented herein consists of whether *Debroux* at the time of the injury was performing farm labor. As a farmer, *Powell* was not under the workmen's compensation act, and such act did not apply to either him or *Debroux* when the latter was performing farm labor. Sub. (3), sec. 102.01, Stats. *Powell* was not a commercial

wood sawyer, although with his consent his tractor, on one or two occasions, had been used for sawing wood for others. He was not the owner of a saw rig, and the rig on which *Debroux* was injured belonged to the lumber company and had been borrowed from the latter by Roberts. *Debroux* during the few days of his employment with *Powell* was engaged in purely farm labor, and the latter during that time used his baling machine to bale his own hay. *Powell* needed assistance in the baling of his hay, and therefore gave his consent that *Debroux* should take his place in aiding Roberts in the sawing of his wood, and during this period *Debroux* continued in *Powell's* employment, and the latter agreed to and did pay him for such services. While in a sense *Debroux*, while assisting in sawing wood, was subject to directions from Roberts, nevertheless, pursuant to his employment with *Powell*, he had not been released for the time being from the control of *Powell*, for whose benefit he was acting and under whose control he operated.

This case differs in its facts materially from that of *Cayll v. Waukesha G. & E. Co.* 172 Wis. 554, 179 N. W. 771. In that case Massino, an employee of a contractor, was, at the request of the gas company, loaned to the latter, and he performed work for it for a period of about two weeks before he was injured. The gas company assumed and paid for Massino's work performed for it. Massino also each day performed one hour's work for Cayll, for which the latter compensated him. While working for the gas company Massino was under the complete control and direction of the gas company and its superintendent and foreman. It was therefore held that the gas company, and not the contractor, was liable for compensation.

In the instant case *Debroux* continued in the employ of *Powell*, and the latter paid for his services, and such services were performed primarily for the benefit of *Powell* in order that he might receive assistance from Roberts and his

son in baling hay. The work done upon the premises of Roberts was farm labor, performed in a manner in which it is during the present day usually and ordinarily performed. The wood was not cut for sale, but was intended to be used as firewood in the Roberts house. Under these circumstances *Debroux* was in no different position than he would have been if *Powell* had hired this saw rig and used his tractor to operate the same for sawing wood on his own farm for his own heating purposes.

Whether under the facts of this case *Debroux* might be considered as an employee of Roberts also, need not be determined in this case, and no opinion is expressed in that regard.

*By the Court.*—The judgment of the lower court is reversed, and the cause is remanded with directions to enter judgment in plaintiff's favor. Plaintiff to have costs.