Valinda M. Meyer, Appellee, v. All-Electric Bakery, Inc., and Anheuser-Busch, Inc., Appellant.

Opinion filed September 18, 1933.

POPE & DRIEMEYER, for appellant.

P. K. JOHNSON, for appellee.

MR. PRESIDING JUSTICE EDWARDS delivered the opinion of the court.

During the summer of 1930, the All-Electric Bakery, of Belleville, having completed the erection of a new plant, planned a dedication for the benefit of its patrons, as well as to advertise its business, and arranged for the event to occur on August 23rd. It sent out printed invitations to the public, and among others receiving one was Valinda M. Meyer, the appellee.

Appellant, Anheuser-Busch, Incorporated, of St. Louis, Missouri, of whom the bakery was a customer, and from whom they bought yeast in large quantities, was the owner of a performing mule. The bakery company applied to the appellant for the loan of the mule, as a part of the entertainment, at its opening and dedication. The request was granted, and on the day, the animal was taken by truck, accompanied by its trainer, to the baking plant in Belleville.

There was no compensation paid for the loan of the mule, and the employees who accompanied it were in the pay of appellant. They were directed by the latter's agent to report to Mr. Heisler, the head of the baking concern, to take their orders from him, and to use every effort to make a satisfactory showing for him. Upon arrival in Belleville, these employees reported to Mr. Heisler, and asked for orders. He gave them shirts to wear, of white material, lettered in red on the back, "All-Electric Bakery, Inc."; then fur-

nished them with a guide, and directed them to give a performance upon the public square, then to drive about the city, advertising and announcing the opening, after which they were to return to the bakery to give further exhibitions for the benefit of the assembled guests. All these orders they carried out, they being directed about the city by the guide furnished them by Mr. Heisler. During the evening the mule performed, at intervals, in the portion of the building which the bakery used as a garage.

Appellee was then present and witnessed one of the exhibitions, at about 10 o'clock. The trainer was guiding the mule around the ring, at the conclusion of the performance, and just previous to leading it out. As it passed where she was standing, it kicked, striking her in the right breast and causing the injuries of which she complains. She brought suit in the circuit court of St. Clair county against both the bakery company and appellant. There was a verdict and judgment against both defendants, in the sum of $7,000, from which appellant alone has appealed.

It is asserted on the part of appellant that it is not liable for the damages consequent upon the injury, for the reason that the mule, at the time, was in charge of its trainer, who was presently the servant of the bakery, and that it then had no control over the trainer or the animal, and no right to direct its conduct or actions; that it had loaned them to the baking company, and at such time they were freed from any directions or control by appellant.

The rule appears to be established by the weight of authority that a servant who is generally employed by another may, with his acquiescence or consent, be loaned by his general employer to a third party for the rendition of a special service, and thereby become the servant or employee of the latter, in the performance of such special work. *Allen-Garcia Co. v. Industrial Commission,* 334 Ill. 390; *Scribner's Case,* 231

Mass. 132, 120 N. E. 350; *Cayll v. Waukesha Gas & Electric Co.*, 172 Wis. 554, 179 N. W. 771; *Westover v. Hoover,* 88 Neb. 201, 129 N. W. 285.

The rule is simple and of easy understanding, though its application to the facts of a particular case is sometimes attended with difficulty, as whether the person employed is the servant of the general or the special master, is a question of fact. *Consolidated Fireworks Co. v. Koehl,* 190 Ill. 145.

In *Allen-Garcia Co. v. Industrial Commission, supra,* at page 394, the Supreme Court, in its latest expression on the subject, has stated: "The test whether or not the workman, in the performance of the special work for which he is lent, becomes the employee of the person to whom he is lent, is whether or not he becomes for the time being wholly subject to the control and direction of the person to whom he is lent for the special service being performed and freed during such time from the direction of his master."

It will be observed that the mule and the servants in charge of same were sent by appellant to the bakery, under directions to report to the latter's officers, to take orders from them, and use every endeavor to please them; that the latter did give directions as to the times and places of the exhibitions, which were obeyed by those in charge of the mule. True, the latter were in the pay of appellant, but this alone would not determine that they were, at the particular time, its employees. *Allen-Garcia Co. v. Industrial Commission, supra,* at page 397; *Indian Hill Club v. Industrial Commission,* 309 Ill. 271.

It seems clear they were at the time subject to the direction and control of the baking company, and not amenable to any orders from appellant. The former had the right to, and did, direct the places and times of the exhibitions, and could stop or continue them at will, without interference on the part of appellant. It appears evident that all parties to the loaning of

526

the act considered that the baking company should have exclusive control of the same, during the period of the loan, and that during such time it was freed from any directions of the Anheuser-Busch Company.

In our opinion the evidence establishes that during the period from when the mule and its attendants arrived at the bakery until the conclusion of the last exhibition, it and its escorts were under the exclusive control of, and in the employ of, the baking company, and not subjective to orders or directions of appellant; hence within the rule as stated, the latter, not then being the employer, was not liable in the pending action, and the judgment against it was unwarranted.

For which reasons the judgment is reversed.

*Judgment reversed.*

Finding of fact: We find, as a fact, that at the time the injury in question was occasioned, the trick mule and its attendants were lent to the All-Electric Bakery, Inc., were subject to its exclusive control and management, and were free during such time from the directions of appellant.