NACE, Respondent, vs. INDUSTRIAL COMMISSION and another, Appellants.

*January 8—February 5, 1935.*

For the appellants there was a brief by *Olin & Butler*, attorneys for Wilmer West, and oral argument by *Byron H. Stebbins*, all of Madison; and by the *Attorney General* and *Mortimer Levitan*, assistant attorney general, attorneys for the Industrial Commission, and oral argument by *Mr. Levitan*.

*O. A. Stolen* of Madison, for the respondent.

FOWLER, J.   The action was brought by the plaintiff, a farmer, to vacate an award of the Industrial Commission as compensation for an injury received by the defendant, who was in the employ of the plaintiff' for the season as a farm laborer, while working with a corn-shredder owned by the plaintiff shredding corn for a neighbor upon the latter's farm in exchange for the neighbor's furnishing a threshing-machine to thresh the plaintiff's grain.   The evidentiary facts are entirely without dispute, and are detailed in the statement preceding the opinion.·  The Industrial Commission

was of opinion that upon those facts the plaintiff and defendant were subject to the Workmen's Compensation Act, hereinafter referred to as the act, and made an award accordingly.

The plaintiff claims, and the trial court adjudged, that under the facts stated the parties were not subject to the act because of the exemption of farmers and farm laborers from its operation. The terms of the exemption provision of the statute, sec. 102.07 (4), is as follows:

". . . But not including farm laborers . . . and any person whose employment is not in the course of a trade, business, profession, or occupation of his employer, unless such employer has elected to include them."

It seems quite plain to us that under the facts stated the plaintiff was not subject to the act. Had the defendant been injured while attending his employer's shredder while it was operating on his employer's own farm, there could be no doubt that he was engaged in farm labor, and was working as a farm laborer when injured. That he was so engaged upon a neighbor's farm could effect no change in his status, unless his employer while shredding for the neighbor was conducting an independent business as a commercial shredder. An employer operating a shredder for the public generally is under the act. *Hillman v. Industrial Comm.* 190 Wis. 196, 208 N. W. 928; *Paschke v. Industrial Comm.* 211 Wis. 450, 248 N. W. 428. But the plaintiff was not so operating his shredder. The instant case is indistinguishable, in principle, from that of *Powell v. Industrial Comm.* 193 Wis. 38, 213 N. W. 651. Powell was a farmer who owned a tractor which he used in baling hay for himself, and occasionally for others. He needed help in baling his own hay. A neighbor needed Powell's tractor to run a saw to saw wood for his use. It was agreed between the neighbor and Powell that Powell and his son would help the neighbor with his wood sawing and furnish his tractor to run the saw in ex-

change for the neighbor's helping Powell in baling his hay. Debroux was at the time in Powell's employ helping him in baling his hay. Powell, pursuant to his agreement with his neighbor, sent his son with the tractor to the neighbor's farm and sent Debroux in his place to help in the wood sawing, and Debroux was injured while so helping. Powell had no wood saw, and did not engage in the business of sawing wood, although he had used his tractor to operate a saw for neighbors. The commission under these facts awarded Debroux compensation, and the circuit court affirmed the award. This court reversed the judgment, with directions to dismiss the complaint.

The appellants claim that the commission's finding herein, "that the instant case is distinguished from one of farm labor in that the respondent herein held himself in readiness to shred for at least a limited number of patrons, although such patrons did in turn work out, so to speak, in the performance of labor for the respondent, the amount of the charges made by him at a set rate per hour for the use of the shredder and helper thereon," is one of fact, and that, as such, the court cannot disturb it. We consider it as a mere conclusion of law by the commission that the facts stated brought the plaintiff and the defendant within the act, and, as such, subject to reversal. The appellants cite *Kraft v. Industrial Comm.* 201 Wis. 339, 230 N. W. 36, to the point that a finding of the commission that an employee is not engaged in farm labor is one of fact. It is true that a statement to that general effect is made in the case cited. But reference to the printed case on file in the case discloses that the statement was made relative to whether the plaintiff was in fact developing an "estate" or "summer resort" upon a lake which he had purchased for ultimate use as a dairy farm, and the commission determined this fact contrary to plaintiff's contention. This is the only basis upon which the statement of the opinion referred to can be upheld.

Appellants cite many cases from other jurisdictions in support of their contention that the defendant was not excepted by the statute. No useful purpose would be served by discussing or citing these cases. Decisions of other courts in compensation cases are ordinarily not helpful because of differences between the language of the acts involved and our act. In any event they cannot prevail over decisions of this court determining that a certain state of facts brings a case within our act, or over our opinion as matter of law that such a state of facts does not bring a case within it. As above stated, in effect, this court has heretofore determined in the *Powell Case, supra,* that a state of facts, not distinguishable in principle or effect from the undisputed facts here involved, does not bring a case within the act, and that ruling now clearly seems to us to have been correct. The ruling of that case has never been departed from or questioned, and, being correct, it rules this case.

*By the Court.*—The judgment of the circuit court is affirmed.