SCHUSTER, Appellant, vs. BRIDGEMAN, Respondent.

*September 13—October 12, 1937.*

For the appellant there was a brief by *Farnham A. Clark* and *Bundy & Bundy,* all of Menomonie, and oral argument by *W. H. Bundy.*

*Willis E. Donley* of Menomonie and *Ferris M. White* of River Falls, for the respondent.

FAIRCHILD, J.   In this instance a community of neighboring farmers who exchanged work were engaged in filling a silo on the farm of one ·of their number.   The plaintiff had furnished a team and was drawing corn from the field and unloading the bundles onto the silo filler.   The defendant owned the silo filler, had set it up, was operating it, and also attending to the tractor which produced the power for running the filler.   In his testimony the defendant used the phrase "custom filled" with relation to his work, but he explained that he meant he filled silos for those farmers with whom he changed work.   He said :

"I have done filling for neighbors ever since I had a filler. . . . I don't go away any distance [to fill]. . . . My business is farming."

While the work was in progress, the plaintiff was seriously injured.   He brings this action against the owner of the silo filler, alleging that defendant's part in the work was an independent commercial business, that more than three people were employed, and that they were not engaged in farm labor.   If the facts warrant the assumption on which those claims are based, the contributory negligence of plaintiff would not prevent a recovery, for sec. 331.37 (1) (c), Stats., has abrogated that defense in certain circumstances. Assuming, however, that in other respects this section would

be controlling, sub. (3) thereof exempts farm labor from the operation of sub. (1) (c) thereof. The nature of the work in which plaintiff and defendant were engaged will be determinative of the controlling questions presented by this appeal. While safety statutes are to be construed in the interest of those properly included therein, burdens not contemplated and not fairly within their provisions should not be imposed. *Vandervort v. Industrial Comm.* 203 Wis. 362, 234 N. W. 492. We are of the opinion that plaintiff and defendant, at the time of plaintiff's accident, were engaged in farm labor. *Powell v. Industrial Comm.* 193 Wis. 38, 213 N. W. 651. The fact is that plaintiff and defendant were assisting their neighbor Loveland in filling his silo. A similar operation was held in *Nace v. Industrial Comm.* 217 Wis. 267, 258 N. W. 781, to be farm labor. It follows then, that, if plaintiff was guilty of contributory negligence, and if such negligence contributed to the accident fifty per cent or more, he cannot recover. There was a jury question as to plaintiff's contributory negligence. He testified that he slipped and fell upon the carrier. The only other eyewitness testified that plaintiff deliberately put his foot within reach of the carrier in an effort to straighten out bundles going into the machine. Plaintiff knew that defendant was not near the machine, or near the emergency lever. The jury found upon sufficient evidence that plaintiff's contributory negligence was equal to defendant's.

The assessment of inadequate damages was urged below as a reason for granting plaintiff's motion for a new trial, and the refusal of the trial court to consider the verdict as perverse is assigned as error. The facts present in any case must determine into which classification the case falls, that is, whether the verdict is perverse or fair, and the trial judge's opinion of the fairness of the jury must necessarily be of consequence. In *Olsen v. Brown,* 186 Wis. 179, 202 N. W.

167, the verdict was said to be of such character as to require a new trial, and that case is relied on here by plaintiff. But we are of opinion that the case at bar falls more readily into the class of cases governed by the rule mentioned in *Lines v. Milwaukee,* 147 Wis. 546, 133 N. W. 592, and followed in *Parmentier v. McGinnis,* 157 Wis. 596, 147 N. W. 1007. In the *Olsen Case* the trial court ruled that no negligence on the part of defendant had been established, and for that reason did not consider the effect of the answer to the damage question. The error in concluding that defendant was not negligent was pointed out on appeal, and this court, passing upon the facts in that case, held the verdict perverse. A different situation is before us on this appeal. An inadvertent answer or the failure to fix the amount of damages may be so immaterial as to have no weight whatever in the consideration of a claim of perverseness. Accompanying circumstances and the findings of the jury on controlling questions may show the verdict to be the result of honest judgment, and, when the court below does so decide and is justified in reaching such a conclusion, his decision must be affirmed. The learned trial judge said in denying the motion for a new trial:

"The evidence, I think, would warrant a finding attributing to the plaintiff considerably more than fifty per cent of such negligence. It is my opinion that the jury was sympathetic toward the plaintiff and not prejudiced against him in any manner. I can see no cause for complaint on the part of the plaintiff as to the answers of the jury to any of the questions other than the damage question and I am satisfied that the court would not be justified in setting this verdict aside and granting a new trial merely because of an error of the jury in not assessing adequate damages."

*By the Court.*—Judgment affirmed.