WILLENKAMP, Appellant, v. KEESHIN TRANSPORT SYSTEM, INC., and others, Respondents.
HARDY, Appellant, v. SAME, Respondents.

*March 30—April 28, 1964.*

524

For the appellants there was a brief and oral argument by *Urban P. Van Susteren* of Appleton.

For the respondents there was a brief by *Bradford & Gabert* of Appleton, and oral argument by *Stanley R. Gabert*.

CURRIE, C. J.   Three issues are raised on this appeal:

(1) Did the trial court commit prejudicial error in its instructions to the jury?

(2) Did the jury's answers to the damage questions of the verdict evince such perversity as to require a new trial on all issues?

(3) Should this court exercise its discretionary power to order a new trial in the interest of justice?

*The Instructions to the Jury.*

As previously stated, the claim of negligence on the part of the defendant Egtvedt is grounded upon a claimed violation of sec. 346.51 (1), Stats.[1]   In instructing the jury with respect to the application of this statute, the trial court charged:

"You are instructed that a *safety statute* provides that no person shall stop any vehicle, whether attended or unattended, upon the roadway of any highway outside of a business or residence district when it is practicable to stop such vehicle standing off the roadway.  By 'roadway' is meant the hard surface or traveled portion of the highway.

---

[1] Sec. 346.51 (1) provides:

"No person shall . . . stop . . . any vehicle whether attended or unattended, upon the roadway of any highway outside a business or residence district when it is practical to . . . stop or leave such vehicle standing off the roadway, but even the . . . stopping or standing of a vehicle off the roadway of such highway is unlawful unless the following requirements are met: (a) An unobstructed width of at least 15 feet upon the roadway of such highway must be left opposite such standing vehicle for the free passage of other vehicles. . . ."

"In determining whether or not it was practicable to move the vehicle to a place off the roadway you may consider the physical conditions adjacent to the place where the vehicle was stopped, and any other parking spaces, in any direction, to which the vehicle might reasonably have been taken, as well as the reason for stopping. Having these circumstances in mind, along with all other evidence, you should then consider whether or not William Egtvedt exercised reasonable judgment and discretion in view of all the circumstances; and if you find that he did not exercise reasonable judgment and proper discretion, then you *may* find him negligent in that respect.

"Another provision of the *safety statute* provides that the stopping of a vehicle off the roadway is unlawful unless there is an unobstructed width of at least fifteen feet upon the roadway left opposite such standing vehicle for free passage of other vehicles.

"If you find that the semi-trailer was stopped off the roadway, or partly on or off the roadway, you will then determine whether or not in that position there was left an unobstructed width of at least fifteen feet on the roadway opposite the truck. If you find that it was stopped without leaving fifteen feet of the roadway opposite it, then you *may* find William Egtvedt negligent in that respect." (Emphasis supplied.)

The claimed error is the use of the word "may" in two places when "will" should have been used. Cf. Wis J I—Civil, Part I, 1115. It is contended that this use of the word "may" had the effect of informing the jury that, even though they might find that Egtvedt violated sec. 346.51 (1), Stats., it was nevertheless discretionary with the jury as to whether they were to find him negligent. This quoted portion of the charge standing alone is subject to such interpretation, and, therefore, we concur with the view expressed by plaintiffs' counsel that the word "will" should have been used in the two indicated places where the word "may" was employed. We are unable, however, to agree that this inadvertent error was prejudicial.

In determining whether an error in instructions is prejudicial, the instructions must be considered as a whole. *Field v. Vinograd* (1960), 10 Wis. (2d) 500, 103 N. W. (2d) 671; 5 Am. Jur. (2d), Appeal and Error, p. 333, sec. 894.

Earlier in the charge the trial court defined negligence and then followed such definition by this statement:

"In addition to this general rule of negligence there are other rules of law, as well as statutes enacted by the legislature, for the safe operation of motor vehicles and for the exercise of due care for a person's own safety. A person who fails to comply with such rules of law or statutes is negligent, as that term is used in the verdict and in the instructions of the court."

Thus the jury were told that a violation of a safety statute, such as sec. 346.51 (1), Stats., constituted negligence. When this instruction is read in connection with the attacked instruction we deem there was little likelihood of the jury's coming to the conclusion that, even if Egtvedt violated a requirement of sec. 346.51 (1), the jury nevertheless had the discretion to find him not negligent. In passing on the prejudicial effect of an erroneous instruction the test is not the possibility of the jury's being misled, but the probability thereof. *Ide v. Wamser* (1964), 22 Wis. (2d) 325, 333, 126 N. W. (2d) 59; *Lisowski v. Milwaukee Automobile Mut. Ins. Co.* (1962), 17 Wis. (2d) 499, 503, 117 N. W. (2d) 666.

### *Perversity Issue.*

Plaintiffs contend that the jury's answers to the damage questions of the verdict evince perversity. They particularly stress the award of no damages to Mrs. Willenkamp for loss of society and companionship and to Hardy for personal injuries. Furthermore, they point out that the award of $10,000 for pecuniary loss in the wrongful-death action and

$500 for loss of income and $1,500 to Hardy for truck damage are on the low side.

This court has frequently been confronted with the problem of the failure of juries to answer damage questions of the verdict, or finding inadequate damages, after first answering the negligence questions so as to find no liability on the part of the defendant. In *Sell v. Milwaukee Automobile Ins. Co.* (1962), 17 Wis. (2d) 510, 519, 117 N. W. (2d) 719, the court stated:

"The rule is that where a jury has answered other questions so as to determine that there is no liability on the part of the defendant, which finding is supported by credible evidence, the denial of damages or granting of inadequate damages to the plaintiff does not necessarily show prejudice or render the verdict perverse. *Schulze v. Kleeber* (1960), 10 Wis. (2d) 540, 103 N. W. (2d) 560; *Dickman v. Schaeffer* (1960), 10 Wis. (2d) 610, 103 N. W. (2d) 922; and *Goelz v. Knoblauch* (1943), 242 Wis. 186, 7 N. W. (2d) 420."

In this type of situation this court gives great weight to the trial court's opinion with respect to whether the verdict is perverse or fair. *Schuster v. Bridgeman* (1937), 225 Wis. 547, 551, 275 N. W. 440. The trial judge in the instant cases stated in his memorandum opinion that the jury's answers to the damage questions were not considered by him to be the result of passion and prejudice.[2]

The $10,000 awarded in the wrongful-death action for pecuniary loss and the $1,500 allowed Hardy for truck damage are on the low side and it is arguable whether they are inadequate. The jury could well find from the evidence that

---

[2] If the trial court had granted a new trial on the ground of perversity because of failure to answer damage questions, this court would be inclined to affirm such an order. *Schulze v. Kleeber* (1960), 10 Wis. (2d) 540, 545, 103 N. W. (2d) 560. This is because of the opportunity of the trial court to observe the trial and sense any atmosphere of prejudice. *Odya v. Quade* (1958), 4 Wis. (2d) 63, 73, 90 N. W. (2d) 96.

Hardy's injuries were not severe. They consisted of a severe laceration on the bridge of the nose, extending to and including the left upper eyelid, and smaller lacerations and contusions. Hardy did complain of persistent headaches, but the jury would have been justified in concluding there was no permanent disability of any kind and that any award for his personal injuries must be confined to pain and suffering. We believe this may well have been a case where the members of the jury were aware that, by finding no negligence on Egtvedt's part, there could be no recovery by plaintiffs, and that they, therefore, could avoid the troublesome task of evaluating such intangibles as pain and suffering, and loss of society and companionship, by finding no damages for those items.

Plaintiffs cite *Mainz v. Lund* (1963), 18 Wis. (2d) 633, 119 N. W. (2d) 334. In that case a new trial was granted in the interest of justice because an inadequate award of damage was coupled with a finding of no negligence on the part of the defendant which was against the great weight of the evidence. While plaintiffs assert that the finding of no negligence on the part of Egtvedt was against the great weight of the evidence we are unable to agree with such assertion.

It is our conclusion that the instant verdict was not the result of perversity.

### New Trial in Interest of Justice.

It is well settled that this court will not exercise its discretion under sec. 251.09, Stats., to order a new trial in the interest of justice unless it has been convinced that there has been a probable miscarriage of justice, viewing the case as a whole. *Mack Trucks, Inc., v. Sunde* (1963), 19 Wis. (2d) 129, 138, 119 N. W. (2d) 321; *Gile v. Widholm* (1962), 17 Wis. (2d) 275, 280, 116 N. W. (2d) 249; *Scalzo v. Marsh* (1961), 13 Wis. (2d) 126, 146, 108 N. W. (2d)

163. Our review of the record in this case does not impress us that there is a reasonable probability that justice has miscarried. Rather it is a case where the testimony as to negligence was sharply in conflict. In such a case the credibility of the witnesses was clearly for the jury.

*By the Court.*—The order and judgment appealed from are affirmed.